UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD WILLIAMS,

           Plaintiff,

v.                                          Case No. 5:05-cv-257-Oc-10GRJ

ZIMMER HOLDINGS, INC., ZIMMER
PRODUCTIONS, INC., ZIMMER, US, INC.,
ZIMMER, INC., LEE JACOBSON, MPT, TLC
REHAB, INC.,

           Defendants.
_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion For Remand. (Doc. 25.) Defendants Zimmer Holdings, Inc., Zimmer Production, Inc., Zimmer US, Inc., and Zimmer, Inc. filed a memorandum in opposition and, thus, the matter is ripe for review. For the following reasons, Plaintiff's Motion For Remand (Doc. 25) should be **DENIED**.

### I. BACKGROUND

Plaintiff, Richard Williams, is a citizen of the State of Florida.[2] Defendants, Zimmer Holdings, Inc., Zimmer Production, Inc., Zimmer US, Inc., and Zimmer, Inc., (hereinafter collectively referred to as the "Zimmer Defendants") are Delaware

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] See Doc. 2, ¶1.

corporations with their principal place of business in Warsaw, Indiana.[3] Defendant, Lee Jacobson, MPT, who is a licensed physical therapist, is a citizen of the State of Florida.[4] Defendant, TLC Rehab, Inc. is a Florida corporation with its principal place of business in Dunnellon, Florida (hereinafter Lee Jacobson and TLC Rehab, Inc. will be referred to collectively as the "Non-Diverse Defendants.")[5]

According to Plaintiff's Complaint, he had a right total knee replacement on November 3, 1995 and a left total knee replacement on March 15, 1996 and in both cases he received an "Insall-Burnstein II Total Knee System," manufactured by the Zimmer Defendants.[6] In May 2000 he began to experience pain in his right knee and on February 2, 2001 he underwent a total revision of a failed total right knee.[7] In November 2002 he began to experience pain in both knees.[8] On November 20, 2002 he underwent a total revision of a failed total left knee and on September 10, 2003 he underwent a second total revision surgery of his right knee.[9] On September 29, 2003, Plaintiff began physical therapy at TLC Rehab, Inc.[10] Plaintiff was initially treated by

---

[3] See id., ¶¶2-3; Doc. 1, ¶5.  Accordingly, the Zimmer Defendants are not citizens of the State of Florida for purposes of diversity jurisdiction.

[4] See Doc. 2., ¶4.

[5] See id., ¶5.

[6] See id., ¶¶6-8.

[7] See id., ¶¶10-12.

[8] See id., ¶13.

[9] See id., ¶¶15-16.

[10] See id., ¶27.

2

Lee Jacobson.[11]  Plaintiff told Lee Jacobson that per his orthopedic surgeon's direction he was limited to "non-aggressive therapy."[12]  On October 23, 2003, Plaintiff was treated by a student physical therapist.[13]  During the session, the student used several different bands and while Plaintiff was applying pressure against one of the bands, it broke causing Plaintiff to suffer a severe quadriceps muscle tear.[14]

As a result of these events, Plaintiff filed a lawsuit against the Defendants asserting six products liability counts against the Zimmer Defendants (i.e., strict liability, negligence, failure to warn, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty) and one count for medical malpractice against the Non-Diverse Defendants. (Doc. 2.) Plaintiff filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, on May 2, 2005.[15]

On May 31, 2005, the Zimmer Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§1332(a)(1) and 1441(b).[16]  Although the Plaintiff and the Non-Diverse Defendants are citizens of the State of Florida, removal was based on diversity jurisdiction.  According to Defendants, Plaintiff fraudulently joined the Non-Diverse Defendants, and in their absence, this case should

---

[11] See id., ¶28.

[12] See id., ¶29.

[13] See id., ¶¶31-32.

[14] See id., ¶¶33-34..

[15] See Doc. 1,¶1.

[16] See Doc. 1.

be heard in federal court based on its jurisdictional authority outlined by 28 U.S.C. §1332(a)(1). Specifically, the Zimmer Defendants contend that the joinder of the Non-Diverse Defendants is fraudulent because there is no joint, several or alternative liability between the Non-Diverse Defendants and the Zimmer Defendants and the claims against the Zimmer Defendants have no connection to the claims against the Non-Diverse Defendants.[17]

On October 19, 2005, Plaintiff filed a Motion to Remand (Doc. 25) on the grounds that removal was defective because there was no fraudulent joinder and the Defendants failed to meet the burden of establishing federal diversity jurisdiction. Plaintiff argues that his Complaint "clearly" states a claim for alternative liability against the Zimmer Defendants and the Non-Diverse Defendants and that the connection between the causes of action is "both real and obvious and cannot be considered fraudulent."[18] Additionally, Plaintiff claims that he is entitled to attorneys' fees and expenses for being forced to respond to the improper removal.

## II. DISCUSSION

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress."[19] A defendant may "remove a

---

[17] See id., ¶¶3, 6.

[18] See Doc. 25.

[19] University of South Alabama v. The American Tobacco Company, 168 F.3d 405, 409 (11th Cir. 1999). Citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994).

case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally."[20] District courts have original jurisdiction over diversity cases, pursuant to 28 U.S.C. §1332, and over matters arising under federal law, pursuant to 28 U.S.C. §1331.[21]

Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to show that the action was properly removed.[22] While district courts are encouraged to resolve all doubts about jurisdiction in favor of remand to state court,[23] courts "should be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum."[24]

### *Timeliness of Motion For Remand*

As an initial matter, Plaintiff filed his motion for remand almost five months after the Zimmer Defendants filed their notice of removal.[25]  Pursuant to 28 U.S.C. §1447(c), a motion to remand on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  Because Plaintiff's

---

[20] Whitt v. Sherman International Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

[21] Id.

[22] See Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588, 590 (S.D.Fla. 1983).

[23] See University of South Alabama, 168 F.3d at 411.

[24] Tran v. Waste Mgmt., Inc., 290 F.Supp.2d 1286, 1292 (M.D. Fla. 2003).

[25] The Zimmer Defendants filed their notice of removal (Doc. 1) on May 31, 2005 and Plaintiff filed his motion for remand (Doc. 25) on October 19, 2005. The Zimmer Defendants expressly do not challenge the timeliness of Plaintiff's remand motion.

motion for remand is based on a purported lack of subject matter jurisdiction, Plaintiff's motion is not time barred.[26]

### *Fraudulent Joinder*

Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity.[27] While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)", the jurisdictional inquiry "must not subsume substantive determination."[28] It follows that the court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."[29] These determinations are based on Plaintiff's pleadings at the time of removal, and on the affidavits and deposition transcripts submitted by the parties.[30] Here, neither party has submitted any affidavits nor deposition transcripts. Accordingly, the Court relies solely on Plaintiff's Complaint.

Joinder has been deemed fraudulent in three situations.[31] The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-

---

[26] See e.g., Yanez through Yanez v. Humana Medical Plan, Inc., 969 F. Supp. 1314 (S.D. Fla. 1997)(granting motion to remand filed more than thirty days after the filing of the notice of removal because the Court did not have subject matter jurisdiction).

[27] Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11th Cir. 1998).

[28] Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997), citing B, Inc. v. Miller Brewing Co., 663 F. 2d 545, 549 (5th Cir. Unit A 1981).

[29] Id.

[30] Id at 1538.

[31] See Triggs, 154 F.3d at 1287

diverse) defendant.[32] The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.[33] The Eleventh Circuit recognized the third situation of fraudulent joinder in *Tapscott v. MS Dealer Service Corp.*[34] -- i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[35] This third type of fraudulent joinder is at issue in this case.

In Tapscott, the Eleventh Circuit analyzed this third type of fraudulent joinder using Rule 20(a), Fed.R.Civ.P. which governs permissive joinder. Joinder under Rule 20(a) requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.[36] The Eleventh Circuit recognized that

---

[32] See id. citing Coker v. Amoco Oil Co., 709 F. 2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds, see* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F. 2d 1533 (11th Cir. 1993).

[33] See id.

[34] 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d. 1069 (11th Cir. 2000).

[35] Triggs, 154 F.3d at1287 *citing* Tapscott, 77 F. 3d at 1355.

[36] While neither party has argued that state law controls, in both Tapscott and Triggs, the Eleventh Circuit applied Rule 20(a) without expressly considering whether federal or state law should be applied in determining whether the defendants were properly joined. Although this question appears to be unsettled, see e.g., Sweeney v. Sherwin Williams Co., 304 F.Supp.2d 868 (S.D. Miss. 2004)(finding that Mississippi law, as opposed to federal law, governs joinder); In re Rezulin Products Liability Litigation, 168 F.Supp.2d 136, 144 (S.D.N.Y. 2001)(applying federal rule); In re Diet Drugs, 1999 WL 554584, *3 (E.D.Pa. 1999)(applying federal rule); Conk v. Richards & O'Neil, LLP , 77 F.Supp.2d 956 (S.D. Ind. 1999)(finding that Indiana law, as opposed to federal law, governs joinder) Rudder v. K Mart Corp., 1997 WL 907916 (S.D. Ala. 1997)(applying federal rule), Koch v. PLM International, Inc., 1997 WL 907917, *3 (S.D. Ala. 1997)(applying federal rule); see also Bright v. No Cuts, Inc., 2003 WL 22434232 *6 (E.D. La. 2003)(recognizing that law is unsettled), the Court will utilize Rule 20(a) consistent with Tapscott and Triggs.

"[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."[37]

Here, Plaintiff has not expressly alleged any joint, several, or alternative liability between the Zimmer Defendants and the Non-Diverse Defendants.  Nevertheless, Plaintiff argues that the facts alleged in his Complaint clearly state a claim for alternative liability against the Zimmer Defendants and the Non-Diverse Plaintiffs.[38]  Plaintiff cites *Conley v. Boyle Drug Co.*[39] for the definition of alternative liability:

> The theory of alternative liability applies where the conduct of two or more actors is tortious, and it is proved that **the injury to the plaintiff was caused by one of them, but there is uncertainty as to which one actually caused it.**  Under these circumstances, the burden is placed upon each of the negligent actors to prove that he did not cause the plaintiff's injury. Defendants unable to meet the burden are held jointly and severally liable. (emphasis added).[40]

However, Plaintiff's allegations do not fit within this definition.[41] Plaintiff has alleged that he was injured by both the Zimmer Defendants and the Non-Diverse Defendants in

---

[37] Tapscott, 77 F.3d at 1360.

[38] See Doc. 25, page 8.

[39] 570 So.2d 275 (Fla. 1990).

[40] Id. at 281.

[41] In defining "alternative liability", the Florida Supreme Court cited the Restatement (Second) of Torts §433B(3), which provides several examples of this type of liability -- i.e., (1) A and B, independently hunting quail, both negligently shoot at the same time in the direction of C.  C is struck in the face by a single shot, which could have come from either gun.  In C's action against A and B, each of the defendants has the burden of proving that the shot did not come from his gun, and if he does not do so is subject to liability for the harm to C; (2) Over a period of 3 years A successively stores his furniture in warehouses operated by B, C, and D.  At the end of that time A finds that his piano has been damaged by a large dent in one corner.  The nature of the dent indicates that it was caused by careless handling on a single occasion.  A has the burden of proving whether the dent was caused by the negligence of B, C, or D; and (3) While A's automobile is stopped at an intersection, it is struck in the rear by B's negligently driven car.  Immediately afterward C's negligently driven car strikes the rear of B's car causing a second impact upon A's car.  In one collision or the other, A sustains an injury to his neck and shoulder.  In A's action against B and C, each defendant has the burden of proving that his conduct did not cause the injury.

separate and distinct ways -- i.e., the Zimmer Defendants' medical device injured his right and left knees and required subsequent revision surgeries while the Non-Diverse Defendants' medical malpractice resulted in a "severe" tear to Plaintiff's right quadriceps muscle.[42]  Plaintiff argues that both sets of Defendants "caused injury to his knee and leg, causing him pain and suffering and loss of mobility."[43]  However, as discussed above, according to Plaintiff's own allegations, he was injured by each group of defendants in separate and distinct ways. Because there is no uncertainty as to who caused what injuries, Plaintiff has not alleged facts consistent with alternative liability.

Nor do Plaintiff's claims against the Zimmer Defendants and the Non-Diverse Defendants arise from the same transaction, occurrence, or series of transactions. Plaintiff's claims against the Zimmer Defendants arise from his knee replacement surgeries in November 1995 and March 1996; while Plaintiff's claims against the Non-Diverse Defendants arise from his physical therapy in October 2003.  Plaintiff does not allege that the Non-Diverse Defendants had any involvement in the injuries to his right and left knee or that the Zimmer Defendants had any involvement in his right quadriceps tear.   Likewise, it logically follows, that these claims which are based on different legal theories (i.e. products liability and medical malpractice) - and are factually and temporally distinct - do not share common questions of law or fact.  Accordingly, the joinder of the Non-Diverse Defendants does not meet the requirements for permissive joinder under Rule 20.

---

[42] See Doc. 2, ¶¶6-38.

[43] See Doc. 25, page 8.

Moreover, even considering the factual allegations in a light most favorable to Plaintiff, Plaintiff has not alleged (nor could he allege) a "real connection" between the Zimmer Defendants and the Non-Diverse Defendants. Without pointing to any specific allegations, Plaintiff contends that the connection between the two claims is "both real and obvious" and that the "physical, financial, and emotional" injuries described in the Complaint are "the combined result of the actions of the defendants."[44] However, as discussed above, Plaintiff's products liability claims against the Zimmer Defendants are factually and temporally distinct from his medical malpractice claims against the Non-Diverse Defendants. Moreover, Plaintiff has alleged that he was injured by each group of defendants in separate and distinct ways -- i.e., his right and left knees were injured by the Zimmer Defendants' defective medical device, while his right quadriceps muscle was torn as a result of the Non-Diverse Defendants' medical malpractice. That Plaintiff has suffered injuries as a result of the actions of both sets of defendants does not connect Plaintiff's otherwise separate and distinct claims.[45] Indeed, the only apparent connection between Plaintiff's claims is that they both involve Plaintiff's right leg -- and that connection does not provide a sufficient basis to join in one lawsuit Plaintiff's claims against the Zimmer Defendants and the Non-Diverse Plaintiffs.

In sum, Plaintiff has attempted to join two separate and distinct causes of action in one lawsuit. As discussed above, Plaintiff's claims against the Non-Diverse Defendants cannot properly be joined in this action and Plaintiff cannot allege any real

---

[44] Doc. 25, page 9

[45] See Doc. 25, page 9 (Plaintiff argues that there is an "obvious connection" between the claims and "the injuries described in the plaintiff's complaint -- physical, financial, and emotional -- are the combined result of the actions of the defendants.")

connection between his claims against the Zimmer Defendants and his claims against the Non-Diverse Defendants. Accordingly, Plaintiff's attempted joinder of the Non-Diverse Defendants constitutes fraudulent misjoinder as recognized by the Eleventh Circuit in *Tapscott*.

Because the Non-Diverse Defendants were fraudulently joined in this action, complete diversity exists. However, the Court cannot exercise supplemental jurisdiction over Plaintiff's claims against the Non-Diverse Defendants (i.e., Lee Jacobson, MPT and TLC Rehab, Inc.). When, as here, the Court has original jurisdiction founded solely on diversity jurisdiction, "the Court shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[46] Here, the only basis for joining the Non-Diverse Defendants in this action would be through Rule 20, Fed.R.Civ.P.[47] and exercising supplemental jurisdiction over these claims would be inconsistent with the requirements of section 1332 because the Plaintiff and the Non-Diverse Defendants are Florida citizens. Accordingly, because the Court cannot exercise supplemental jurisdiction over Plaintiff's medical malpractice claims

---

[46] 28 U.S.C. 1367(b).

[47] See Tapscott, 77 F.3d at 1360 (noting that the joinder of defendants was "accomplished solely through Rule 20).

against Defendants, Lee Jacobson, MPT and TLC Rehab, Inc. (Count VII of the Complaint), those claims should be severed and remanded to state court.[48]

Lastly, because the Court has concluded that the motion to remand is due to be denied, Plaintiff's request for attorneys' fees is also due to be denied.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion For Remand (Doc. 25) should be **DENIED**.  However, because the Court cannot exercise supplemental jurisdiction over Plaintiff's claims against Defendants Lee Jacobson, MPT and TLC Rehab, Inc. (Count VII of the Complaint) the claims against these defendants should be severed and remanded to state court.

**IN CHAMBERS** in Ocala, Florida, on December 28, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:

The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[48] See id. (noting that trial judge severed and remanded the remainder of the action to state court). Rule 21, Fed.R.Civ.P. explictly places it within the sound discretion of the Court to sever and dismiss misjoined parties "on such terms as are just."